**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 02:42 PM July 7, 2017**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| RHONDA STINARD AND | ) | CASE NO. 17-60989 |
| DENNIS M. STINARD, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Debtor Dennis M. Stinard ("Mr. Stinard") seeks an exemption from the prepetition credit counseling course based on disability pursuant to 11 U.S.C. § 109(h)(4). No objections were filed.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

# **DISCUSSION**

Mr. Stinard is incarcerated. In his motion for an exemption from the credit counseling requirement, he states:

> I am currently incarcerated at the Stark County jail, waiting to be transferred to a penitentiary; the jail will not allow me to take the initial Credit Counseling Requirement, despite attempts by my attorney to try to arrange for it. I only am allowed a 15 minute phone call, and the counseling class is over one hour long. Furthermore, I am not able to read, so I can not take it by computer, nor do I have any access to a computer at any rate.

(M. Exemption from Pre-Bankr. Credit Counseling, ECF No. 17)

Mr. Stinard provided no case law or legal support in support of his motion. This court previously determined that incarceration is not a disability. In re Bindus, 2008 WL 2902567 (Bankr. N.D. Ohio 2008). Disability is statutorily defined in § 109(h)(4) as "the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing." Mr. Stinard is physically confined, not physically impaired. As a sister court opined concerning incarceration, "section 109(h)(4)'s narrow definition of 'disability' in this regard specifically requires a physical impairment, the concept of which implies a condition inherent to the person, not one which is imposed by external conditions the alleviation of which would relieve the disability." In re Denger, 417 B.R. 485, 489 (Bankr. N.D. Ohio 2009). Courts recognize the definition is "strict" and adhere to it. In re Ramey, 558 B.R. 160 (B.A.P. 6th Cir. 2016). Further, exceptions to the credit counseling requirement are "narrowly tailored." Id. Incarceration is not a disability.

While illiteracy may impose an additional obstacle, Debtor provided no arguments and the court found no case law that discussed the credit counseling requirement and an inability to read. Considering the Code authorizes the course to be provided by phone and in person, it appears Congress provided adequate means for a debtor with limited reading ability to complete the requirement. Consequently, the court is not swayed to create or widen the exceptions to the credit counseling requirement in Mr. Stinard's situation.

The motion for an exemption from the credit counseling requirement will be denied by separate order to issue immediately.

#  #  #

**Service List:**

Rhonda Stinard
Dennis M. Stinard
5887 Portage Street NW
North Canton, OH 44720

Pauline Aydin Shuler, Esq.
1603 Market Ave. N.
Canton, OH 44714